SO ORDERED: April 25, 2008.

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| William T. Gorham and | ) | Case No. 07-04264-BHL-7A |
| Angela M. Gorham, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

This matter comes before the Court on the Trustee's **Motion to Disallow Claimed Exemption** filed March 6, 2008. A hearing was held on April 2, 2008, at which time the Court took the matter under advisement.

At issue in the current matter are two checks totaling $5,399.70 from Carpenter Realty earned by Ms. Gorham in her capacity as a real estate broker. The money paid Ms. Gorham constituted a real estate commission due her from a closing which took place post-petition, but related to a contract for the sale of real estate entered into prior to the bankruptcy filing. Ms. Gorham turned the checks over to the Trustee at the meeting of creditors on June 19, 2007.

1

Having failed to list the checks as exempt property in their original petition, the Gorhams filed an amended Schedule C on August 2, 2007, listing "possible commissions in pending real estate sale at time of filing," attempting to claim as an exempt garnishment 75% of the commission's value pursuant I.C. 24-4.5-5-105. The Gorhams cite the unpublished case of *In re Bubb*, Case No. 02-05321-JKC-7, a case decided in this district by Judge Coachys in October of 2002, to support their position. However, because the commission was received post-petition, it must first be determined whether it was part of the Gorhams' estate at the time of filing.

Federal law is controlling on the issue of what constitutes property of a debtor's bankruptcy estate. 11 U.S.C. § 541(a)(1) defines the property of the estate as including, "all legal or equitable interests of the debtor in property as of the commencement of the case." The Bankruptcy Code does not, however, define the debtor's interest in property. "Absent a federal provision to the contrary, a debtor's interest in property is determined by applicable state law." *In re Atchison*, 925 F.2d 209, 210 (7th Cir.1991). In the present case, the Court must look to Indiana law to determine if the Gorhams had an interest in the commission at the time they filed their bankruptcy petition.

Indiana law has long held that, "a broker earns its commission when it procures a buyer ready, willing, and able to purchase, or when it procures a buyer with whom the vendor contracts or to whom the vendor sells." *Bishop v. Sanders*, 624 N.E.2d 64, 66 (Ind.Ct.App.1993). In the present case, Ms. Gorham brought together a buyer and a seller, both of whom she represented, out of which came a signed purchase agreement for the sale of property. Pursuant to Indiana state law, Ms. Gorham "earned" this commission when the purchase agreement was entered into. Since the purchase agreement was entered into pre-petition, the Gorhams had a property interest

in the commission at the time of filing bankruptcy. Therefore, pursuant to 11 U.S.C. § 541(a)(1), the commission earned pre-petition was properly included as property of the bankruptcy estate.

The Gorhams argue that if the Court does find that the commission was part of the bankruptcy estate, it is entitled to a garnishment exemption pursuant to I.C. § 24-4.5-5-105, which states in relevant part:

> (1) For the purposes of IC 24-4.5-5-101 through IC 24-2.5-5-108:
>     (a) "Disposable earnings" means that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld;
>     (b) "Garnishment" means any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by any other person for the payment of a judgment; and
>     . . .
> (2) Except as provided in subsection (8), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce the payment of one (1) or more judgments against him may not exceed:
>     (a) Twenty-five percent (25%) of his disposable earnings for that week; or
>     (b) The amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage prescribed by 29 U.S.C. 206(a)(1) in effect at the time the earnings are payable; whichever is less. In the case of earnings for a pay period other than a week, the earnings shall be computed upon a multiple of the federal minimum hourly wage equivalent to thirty (30) times the federal minimum hourly wage as prescribed in this section.

Relying on *In re Bubb*, supra, the Gorhams argue that I.C. § 24-4.5-5-105 is applicable as an exemption in bankruptcy cases. *Bubb* states:

> No Indiana court has specifically addressed whether the garnishment statute provides an exemption in bankruptcy. However, the Indiana Supreme Court has acknowledged that "garnishment exemption statutes in Indiana have constitutional underpinnings." *See Mims v. Commercial Credit Corp.*, 261 Ind. 591, 307 N.E.2d 867 (Ind. 1974). Article 1, Section 22 of the Indiana Constitution provides that "[t]he privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted . . . ." As the supreme court further commented: "it is not without significance that Article 1 enumerates the Bill of Rights. A debtor, in Indiana, has a constitutional right to have a reasonable amount of his or her property exempted

3

> from garnishment.  Garnishment exemptions merely implement that right."
>
> Given the constitutional significance of the garnishment statute, the Court cannot conclude that Indiana Code § 24-4.5-5-105 was intended to apply only to non-bankrupt debtors.  Such a distinction compromises the fundamental purpose behind the garnishment statute and deprives a certain class of debtors, *i.e.*, those in bankruptcy, of their constitutional right to the "necessary comforts of life."  Because the Trustee has failed to set forth any justification for holding differently, the Court finds that Indiana Code § 24-4.5-5-105 constitutes an exemption under Indiana law that may be claimed by a debtor in bankruptcy.

*Bubb* at 2 (internal citations omitted).  Just as in *Bubb*, the Trustee in the present case has failed to set forth any justification for the exclusion of the garnishment exemption.

Finally, in order to qualify for the Indiana state garnishment exemption, the commission earned by Ms. Gorham must qualify as "disposable earnings" pursuant to I.C. §24-4.5-5-105(1)(a).  In a case factually similar to the present matter, the Bankruptcy Appellate Panel for the Eighth Circuit affirmed the bankruptcy court's decision that the debtor, a real estate agent, was allowed to claim an exemption under the Missouri garnishment statute for a commission earned pre-petition, but was not paid until after the bankruptcy filing.  *Parsons v. Union Planters Bank (In re Parsons)*, 262 B.R. 475 (B.A.P 8th Cir.2001).   The Missouri garnishment statute provides, in pertinent part:

> 2.  The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum....
>
> The term "*earnings*" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise ....

V.A.M.S. § 525.030.  Just as the term "earnings" is defined to include "commissions" in the Missouri garnishment statute, so too is the term "disposable earnings" defined to include "commissions" in the Indiana garnishment statute.  It is, therefore, the determination of this

4

Court that real estate commissions earned by a real estate broker are included in the definition of "disposable earnings," and are subject to the garnishment exemption of I.C. § 24-4.5-5-105.

Based on the foregoing, the Court finds that the Trustee's **Motion to Disallow Claimed Exemption** should be, and hereby is, **DENIED**.

# # #

Distribution to all counsel.